**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                               Criminal No. 11-cr-059-01-JD

Richard White

**ORDER OF DETENTION PENDING TRIAL**

    In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on April 29, 2011, for the purpose of determining whether to detain the defendant.  The court issued its detention order orally from the bench.  This written order summarizes the court's findings and rulings.

**Legal Standards**

    Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invokes § 3142(f)(1)(A), asserting that a detention hearing is warranted because the defendant is charged with having committed a "crime of violence."

In this case, the defendant is charged by indictment with the crime of transportation with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a).  The indictment charges that defendant knowingly transported a person under the age of 18 years across state lines with the intent to engage in sexual activity under such circumstances as would constitute felonious sexual assault under New Hampshire law.  The court need not decide whether this particular charge constitutes a "crime of violence" as defined by 18 U.S.C. § 3156(a)(4),[1] because the government also relied on the undisputed fact that the charge involved "a minor victim."  See 18 U.S.C. § 3142(f)(1)(E) (permitting motion for detention where case involves "any felony that is not otherwise a crime of violence that involves a minor victim").  Thus, the detention hearing was appropriately requested because even if the instant charge does not qualify as a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A), the charge would satisfy the parameters of 18 U.S.C. § 3142(f)(1)(E).

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the

---

[1] Cf. United States v. Wilson, 529 F.3d 1, 8 (1st Cir. 2008) (interstate transportation of minor for prostitution is categorically a "crime of violence" for purposes of career offender determination under sentencing guidelines).

community ("dangerousness") 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety

of the community.   Among the instances where a presumption as to both

dangerousness and risk of flight arises is the situation where

> the judicial officer finds that there is probable cause
> to believe that the person committed an offense involving
> a minor victim under section . . . 2423 . . . of this title.

18 U.S.C. § 3142(e)(3)(E).   Once the presumption is invoked, the

defendant need only produce "some evidence" to rebut it.   United

States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States

v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).   "When a defendant

produces such evidence, however, the presumption does not disappear.

The burden of persuasion remains on the government and the rebutted

presumption retains evidentiary weight."   Dillon, 938 F.2d at 1416.

### Findings and Rulings

In the instant case, the court finds probable cause to believe

that the offense charged had been committed and that the defendant

has committed it.   Further, the offense charged against the

defendant is one involving a minor victim under 18 U.S.C. § 2423.

Thus, § 3142(e)'s rebuttable presumption that "no condition or

combination of conditions will reasonably assure [the defendant's]

appearance . . . and the safety of the community" is triggered in

this case.   See 18 U.S.C. § 3142(e)(3)(E).   Defendant did not

dispute the applicability of the rebuttable presumption in his case.

For the reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that defendant's release, even on strict conditions, presents too high a risk of danger to the alleged victim and the community.

Specifically, with respect to dangerousness, the court weighed the following:

- The nature of the charged offense involves the transportation of a minor victim (14 years old) across state lines with the intent to commit sexual activity. This is a serious and dangerous crime.

- At a point early in defendant's contact with the minor (October 2010), a Boston police officer informed defendant that the alleged victim was a minor, and a "missing runaway."  The officer instructed defendant to return the minor to her residence.

- The evidence revealed that the minor was particularly vulnerable.  In addition to being a "runaway," the minor was in foster care and receiving treatment.  Defendant was aware that the minor was troubled, as he asserted she had engaged in acts of violence toward him that resulted in police involvement.

- Defendant admits that after being instructed by an officer that the alleged victim was only 14 years old, defendant took the alleged victim with him across state lines, from Massachusetts into New Hampshire.

- Defendant admits that, in January 2011, the police located the alleged victim, staying with him at his residence in Littleton, New Hampshire.

- Defendant spoke on his own behalf.  He did not deny that a police officer informed him that the alleged victim was only 14 years old and that he nonetheless thereafter elected to have further contact with her and take her to New Hampshire.  Defendant maintained that the alleged victim had told him (and "texted" him) that she was 18 years old.  Defendant admitted no misconduct on his part. Rather, he was adamant that he had been duped and had done nothing wrong.

On the basis of the foregoing, the court concludes that the defendant is a danger to the alleged victim and the community.

Thus, for all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  May 2, 2011

cc:  Bjorn Lange, Esq.
     Helen W. Fitzgibbon, Esq.
     U.S. Marshal
     U.S. Probation

7